UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| BRANDON L. TAYLOR, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:19-cv-00245-GFVT |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **&** |
| J.A. BARNHART, ) | **ORDER** |
| ) | |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Proceeding without a lawyer, Petitioner Brandon L. Taylor has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his conviction in light of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). [R. 1.] Respondent Warden JA Barnhart has filed a response in opposition to the petition [R. 10] and Taylor has filed a reply [R. 17]. Thus, this matter is ripe for review.

**I**

Taylor is currently serving a federal sentence resulting from his 2008 conviction by a jury in the United States District Court for the Northern District of Indiana. As summarized by the United States Court of Appeals for the Seventh Circuit, on or around July 30, 2007:

> Taylor and a friend, Ernest Glasper, each had a gun and were driving around smoking marijuana in a Nissan accompanied by two teenagers. Taylor had also taken ecstasy earlier that day. The four called Dion Winston to get more marijuana, and when Winston drove up, Glasper and Taylor each pointed a gun at his head and ordered him out of the car. Then Glasper hit Winston in the back of the head with his gun. Winston, his head bleeding, fell to the ground, and Glasper drove off in Winston's car with the Nissan following behind. Winston called the police to report the crime and later picked Taylor and Glasper out of a lineup.

> Meanwhile, Glasper ditched Winston's car and rejoined the others. They switched cars and became embroiled in a second incident involving a shootout.
>
> Taylor, Glasper, and the two teenagers switched back to the Nissan and went to a Wal-Mart store in South Bend, Indiana, to get more ammunition. There, a South Bend police officer recognized Taylor as a suspect in the earlier shooting. He followed Taylor and his companions when they drove away. The officer radioed for help, and when the police attempted to stop the car, it sped away, and a high-speed chase ensued through a construction zone and onto the lawns of several houses. During the chase, a bag was thrown out of the Nissan's passenger window. Police later recovered the bag and discovered a .45 handgun, a .380 handgun, and a box of .45 caliber ammunition. Soon the car crashed, and the four occupants fled on foot. The police gave chase and caught them. Police found two live .45 caliber rounds and a little over 7 grams of marijuana in the Nissan.

*United States v. Taylor*, 314 F. App'x 872, 873–74 (7th Cir. 2009).

In November 2007, Taylor was charged in a superseding indictment issued by a grand jury with one count of carjacking resulting in serious bodily injury in violation of 18 U.S.C. § 2119(2) (Count One); one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Four); one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (Count Five); one count of being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3) (Count Six); and one count of being an unlawful user of a controlled substance in possession of ammunition in violation of 18 U.S.C. § 922(g)(3) (Count Seven).

During Taylor's January 2008 trial, the Government's oral motion to dismiss Count One was granted. However, Taylor was convicted of Counts Four, Five, Six, and Seven. On May 15, 2008, Taylor was sentenced to 120 months imprisonment on each Count of conviction, with the sentences on Counts Four and Five to run concurrently with each other, but consecutively to the sentences on Counts Six and Seven (which are also to run concurrently with each other), for an aggregate sentence of 240 months imprisonment. *United States v. Brandon L. Taylor*, No. 3:07-cv-00111-RLM-MGG (N.D. Ind. 2008).

Prior to Taylor's trial, Taylor agreed to stipulate that, prior to 2007, he was convicted of a felony punishable by a term of imprisonment of more than one year and that this was a fact that was proved beyond a reasonable doubt. Indeed, on the morning of the first day of trial, the Court, Taylor, and Taylor's criminal counsel (Mr. Brian May) engaged in the following discussion regarding Taylor's agreement to the stipulation:

> THE COURT: Mr. Taylor, I need to ask you a question or two. I understand that you want to stipulate or agree that you have been convicted of a felony crime punishable by imprisonment for more than a year before 2007, and that's something that the Government has to prove -- (Discussion held off record.)
>
> THE COURT: -- that's something the Government has to prove beyond a reasonable doubt on some of these charges, and, as I understand it, you're agreeing that that's true, so the Government doesn't have to present evidence of that. Do I understand that correctly?
>
> MR. MAY: Judge, Mr. Taylor and I reviewed the agreement, the stipulation yesterday at the County Jail. I explained to him that by signing this document the Government would not go into the details bringing additional people to prove up his prior felony conviction. By signing this document, he would simply admit that he has a felony conviction period and that that element would be exposed, given to the jury without the Government having to prove it. Do you understand it now?
>
> MR. TAYLOR: Yes.
>
> THE COURT: Is that what you want to do?
>
> MR. MAY: It's to your advantage to do so.
>
> MR. TAYLOR: Yes.
>
> THE COURT: So you understand the effect of this is I'll tell the jury that you and the Government have agreed that fact is true?
>
> MR. TAYLOR: Uh-huh.
>
> THE COURT: And they won't hear anything more about it; whether that's good or bad; they won't hear any more about it; is that what you want to do?
>
> MR. TAYLOR: Yes.

*Id*. at R. 70, Trial Transcript at 4-5.  Consistent with this stipulation, the Court instructed the jury as follows:

> The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.  A stipulation is an agreement between both sides that certain facts are true.  The parties have stipulated, or agreed, that before 2007, Brandon Taylor had been convicted of a felony crime punishable by imprisonment for more than a year.  You may accept that fact as true without further proof.

*Id*. at R. 39, Final Jury Instructions at 2.

In addition to the stipulation, during the trial, Federal Task Force Agent Bayne Bennett testified that he interviewed Taylor at the St. Joseph County Jail and Taylor admitted to him that he was a convicted felon.  *Id*. at R. 70, Trial Transcript at 175.  Finally, at his allocution at sentencing, Taylor explained that, "When I was 17, as a young adult, I got charged for auto theft.  I was there like, you know, in this instant case. I'm not saying that I'm -- I'm innocent on this instant case, but I had a prior carjacking before.  I'm saying -- I mean, all I can say is that I'm sorry about my past history, you know."  *Id*. at R. 71, Sentencing Hearing Transcript, at 26.[1]

With respect to Taylor's use of drugs on July 30, 2007, during Taylor's trial, Ernest Glasper testified that he smoked marijuana with Taylor "pretty frequently," agreed that Taylor was a daily user of marijuana at that time, and further testified that he and Taylor smoked marijuana together in the Nissan Maxima on July 30.  *Id*. at R. 70, Trial Transcript at 138, 146, 170.  Agent Bennett also testified that, during his interview with Taylor, Taylor admitted that he regular smokes marijuana (approximately a half ounce every day since he was 16 or 17), that he had used Ecstasy approximately three times in 2007 and that he took an Ecstasy pill at

---

[1] Taylor's Pre-Sentence Report ("PSR") indicates that in March 2004, he was convicted as an adult of one count of resisting law enforcement (a felony) and one count of auto theft (a felony) and sentenced to 24 months on each count (with 18 months suspended on each count) to run concurrently.  A carjacking count was dismissed.  [R. 12 at 9.]

4

approximately 2:00 p.m. on July 30, 2007. *Id*. at 174-175. One of the teenagers that was in the Nissan on July 30 also testified that he smoked marijuana in the car with Taylor that day. *Id*. at 205.

Post-conviction, Taylor appealed his sentence to the United States Court of Appeals for the Seventh Circuit, and his sentence was affirmed. *United States v. Taylor*, No. 08-2264 (7th Cir. Feb. 12, 2009). In April 2010, Taylor filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming that the counts of the indictment were multiplicitous in violation of the Fifth Amendment's Double Jeopardy clause and raising ineffective assistance of counsel claims. *United States v. Brandon L. Taylor*, No. 3:07-cv-00111-RLM-MGG (N.D. Ind. 2008) at R. 88. However, Taylor did not raise any challenges to the status element of his felon in possession charges, nor did he challenge his stipulation that he was a felon in July 2007. He also did not raise any questions regarding his use of controlled substances on July 30, 2007. His § 2255 motion was denied in January 2011, and his request for a certificate of appealability was denied by the Seventh Circuit. *Id*. at R. 97; R. 110. Since that time, Taylor has filed multiple pleadings seeking relief in his criminal case, all of which have been denied. *Id*. at R. 99; R. 100; R. 111; R. 115; R. 121; R. 141; R. 142; R. 143; R. 146; R. 150. None of these pleadings raised any challenges to Taylor's status as a felon in July 2007, his agreed-upon stipulation as to the fact that he was a convicted felon, or his use of controlled substances on July 30, 2007, instead focusing on his multiplicity argument and his claim that his counsel was ineffective for, among other reasons, rejecting a plea offer. *Id*.

## II

Taylor has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, seeking relief from his convictions in light of the United States Supreme Court's

5

recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). [R. 1.] In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.Ct. at 2200. In his petition, Taylor argues that he was not aware of his status of being barred from possessing firearms at the time of his offenses, thus he is "actually innocent" of violating 18 U.S.C. § 922(g). [R. 1 at 5; R. 1-1 at 2.] It is not clear from his petition whether his claim is that he did not know that he was a felon and/or a user of controlled substances at the time of his offenses, or that he did not know that his status as a felon/user of controlled substances placed him in a category of persons prohibited from possessing firearms. He seeks to bring his claims in this § 2241 petition via the "savings clause" of 28 U.S.C. § 2255(e).

In response, the Respondent argues that Taylor may not raise his *Rehaif* claim in a § 2241 petition via § 2255(e)'s "savings clause" because he never asserted any claim concerning the knowledge element of his § 922(g) convictions either on direct appeal or in his § 2255 motion for relief filed in the Northern District of Indiana. [R. 10.] In addition, Respondent argues that Taylor cannot meet his burden of establishing that it is more likely than not that the trial jury would have acquitted him of any count had the "knowledge of status" element gone to the jury, particularly in light of Taylor's trial stipulation as to his status as a felon, plus the overwhelming evidence at trial of Taylor's drug use. *Id*.

Having reviewed Taylor's petition, Respondent's response, and Taylor's reply, the Court concludes that Taylor may not raise his claims in a § 2241 petition and, even if he could, he is not entitled to relief in light of *Rehaif*. Accordingly, his § 2241 petition must be denied.

6

**A**

A federal prisoner generally may not use a § 2241 petition to challenge the legality of his conviction. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition). The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). Thus, to establish "factual innocence" based on an intervening change in the law, the petitioner must demonstrate:

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Id.* at 307-08. However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). Taylor has not met these requirements.

First, although *Rehaif* is a case of statutory interpretation, to permit a petitioner to proceed via the savings clause of § 2255(e) on an "actual innocence" claim, the Supreme Court's newly-announced interpretation relied upon by the petitioner must be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308. While the United States Court of Appeals for the Sixth Circuit has not yet addressed this issue, the Eleventh Circuit Court of Appeals has specifically held that the Supreme Court has *not* made the *Rehaif* decision retroactively applicable to cases on collateral review. *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). *See also In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019).

In addition, to be permitted to raise his claim now via the savings clause of § 2255, Taylor may not just point to a new Supreme Court case that "hints his conviction or sentence may be defective," but, rather, he "must *also* show that binding adverse precedent (or some greater obstacle) left him with 'no reasonable opportunity' to make his argument any earlier, 'either when he was convicted and appealed or later when he filed a motion for postconviction relief under section 2255[.]'" *Wright*, 939 F.3d at 703 (citing *In re. Davenport*, 147 F.3d 605, 610 (7th Cir. 1998). Taylor points to no such case that would have previously precluded him from arguing that his convictions are invalid because the Government failed to offer sufficient proof of his awareness of his relevant status at the time of his offenses. Indeed, despite filing multiple post-conviction motions seeking relief from his sentence, Taylor has never even suggested at *any* point that he was unaware of his relevant status at the time of his offenses.

8

Regardless, he cannot now claim to have had "no reasonable opportunity" to have raised this claim previously, either on appeal or in a § 2255 motion.

For all of these reasons, Taylor may not utilize the savings clause of § 2255(e) to raise his *Rehaif* claim in his § 2241 petition.

**B**

Even if Taylor could raise his *Rehaif* claim in a § 2241 petition, he is not entitled to relief because he cannot establish that "no reasonable juror" would have convicted him had they been instructed in accordance with the holding in *Rehaif*. To be entitled to relief in light of *Rehaif*, Taylor must show that, had the Government been required to prove that he knew he was a felon and/or an unlawful user of controlled substances at the time of his possession of a firearm/ammunition offenses, it is more likely than not that no reasonable jury would have convicted him of being a felon/controlled substances user in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g). *Wooten*, 677 F.3d at 307-08.

However, Taylor agreed to stipulate to that he was a convicted felon prior to 2007 (the date that he possessed the firearms and ammunition giving rise to his criminal charges), specifically confirming to the Court that he understood that, by doing so, the Government would not have to prove his prior felony conviction to the jury. *United States v. Brandon L. Taylor*, No. 3:07-cv-00111-RLM-MGG (N.D. Ind. 2008). "[A] jury [may] infer from [a defendant's] stipulation to his prior felony conviction the requisite knowledge of his status for a § 922(g)(1) violation." *United States v. Raymore*, 965 F.3d 475, 485 (6th Cir. 2020) (citing *United States v. Conley*, 802 F.App'x 919, 923 (6th Cir. 2020) ("Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it."). Thus, in *Conley*, the United States Court of Appeals for the Sixth Circuit concluded that the failure of jury

9

instructions to comply with the requirements of *Rehaif* did not constitute reversible plain error, where the defendant undoubtedly knew he was a felon in possession when he possessed firearms based on multiple prior convictions, plus the defendant stipulated at trial that he was a felon at the time of his firearm possession. *Id*. at 923. Similarly, in *Raymore*, a case involving a defendant with multiple prior convictions who also stipulated at trial that he was a felon at the time of his firearm possession, the Sixth Circuit concluded that "[a]ny failure to instruct the jury that a conviction required a finding that [the defendant] knew his status did not affect his substantial rights or the fairness, integrity, or public reputation of the trial." *Raymore*, 965 F.3d at 486-87 (citing *Conley*, 802 F. App'x at 923).

In addition, with respect to his knowledge of his status as an unlawful user of controlled substances, the evidence introduced at trial overwhelmingly established that Taylor was a regular user of marijuana at the time of the offense and that he had, in fact, smoked marijuana on July 30, 2007. *United States v. Brandon L. Taylor*, No. 3:07-cv-00111-RLM-MGG (N.D. Ind. 2008) at R. 70, Trial Transcript at 138, 146, 170, 174-175, 205. In addition, Agent Bennett testified that Taylor admitted that he had taken an Ecstasy pill at approximately 2:00 p.m. on July 30. *Id*. at 174-175.

Given Taylor's stipulation that he was a felon at the time of the conduct charged in the indictment, Taylor's admission to Agent Bennet that he was a felon, and the overwhelming evidence of Taylor's unlawful use of controlled substances, no reasonable juror could have concluded that Taylor did not know that he was a felon or a user of controlled substances when he possessed the firearms and ammunition on July 30, 2007. Accordingly, his attempt to seek relief under *Rehaif* fails.

To be sure, with respect to his challenge to his conviction of being an unlawful user of controlled substances, Taylor appears to clarify in his reply that he is not actually claiming that he was not an unlawful user of controlled substances on the date of his offenses, but rather claims that his "use of marijuana and ecstasy does not automatically qualify as knowing that such use prohibits him from possessing a firearm as a willful intention to engage in criminal conduct." [R. 17 at 5]  However, this argument relies on an overly-broad interpretation of *Rehaif*.

Contrary to Taylor's argument, *Rehaif* does not hold that the government was required to prove that he knew that he was prohibited from possessing a firearm to sustain a conviction under Section 922(g)(1).  As the Supreme Court explained,

> The question here concerns the scope of the word "knowingly."  Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)?  We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status.  To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

*Rehaif*, 139 S.Ct. at 2194.  Thus, while the government's burden includes proof that the defendant was aware of his "relevant status," meaning that he knew that he was "a felon, an alien unlawfully in this country, or the like," *Id*. at 2195-96, it does not include proof that the defendant specifically knew that he was prohibited from possessing firearms.  *See also United States v. Bowens*, 938 F. 3d 790, 797 (6th Cir. 2019) (under *Rehaif*, "the Government would have to prove that [defendants] both knew they possessed firearms and knew that they were unlawful users of a controlled substance" under § 922(g)(3)).

In fact, in *Bowens*, the Sixth Circuit rejected Taylor's unduly expansive reading of *Rehaif*:

11

> [D]efendants appear to argue that even if they knowingly used marijuana, *Rehaif* requires something more: that the Government prove each defendant "knew he was *prohibited from possession* [of a firearm] because he was an unlawful user of a controlled substance," that in other words he "knew of his status as a *prohibited person*....[I]t is at least plausible that they were unaware that they were prohibited from possessing firearms under a subsection of 18 U.S.C. § 922(g) due to their regular and repeated drug use. Such knowledge, however, is not, and cannot be, what *Rehaif* requires. The defendants' reading of *Rehaif* goes too far because it runs headlong into the venerable maxim that ignorance of the law is no excuse. *Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.

*Bowens*, 938 F. 3d at 797 (emphasis in original; citation omitted).

Taylor does not (and could not) contend that he was unaware that he was either a convicted felon or that he was an unlawful user of controlled substances on the date of his possession of a firearm and ammunition offenses. *Rehaif* does not require more.

For all of these reasons, Taylor's § 2241 petition fails to state any viable claim for relief and will be denied.

Accordingly, the Court hereby **ORDERS** as follows:

1. Taylor's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[R. 1]** is **DENIED**.

2. This action is **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This the 25th day of August, 2020.

Gregory F. Van Tatenhove
United States District Judge